**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHRISTINA LEEDY,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00631-PGB-PRL**

**US MED DIRECT, LLC,**

**Defendant,**
___________________________________/

**ORDER**

Plaintiff Christina Leedy filed this action, on behalf of herself and others similarly situated, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by Defendant US Med Direct, LLC. Plaintiff has now filed a motion for class certification (Doc. 37) and seeks to file under seal confidential information cited and discussed in support of her motion for class certification–i.e., Exhibit 1 (Larry Wiite Deposition Transcript); Exhibit 3 (Call Logs, DEF 43-47); and Exhibit 4 (Defendant's written procedures, DEF 42). (Doc. 38).

While the Court has discretion to determine whether to permit filings under seal, that discretion is guided by the presumption that judicial proceedings and records should be available to the public. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (per curiam). To overcome the presumption of public access to court filings, the proponent of the request to file under seal must demonstrate good cause, which is determined "by the nature and character of the information in question." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citing *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309,

1315 (11th Cir. 2001)). The Court must balance "the public interest in accessing court documents against a party's interest in keeping the information confidential."

Here, Plaintiff states that the exhibits at issue contain non-public, confidential business information, including Defendant's internal policies and procedures and proprietary call records. These documents have been marked "confidential" pursuant to the parties' confidentiality agreement. According to Plaintiff, if made public, the information will provide competitors with an unfair advantage and could harm Defendant's relationships with its clients that have been publicly identified.

Based on these representations, and the Court's review, the Court finds that Plaintiff has identified good cause to seal the exhibits at issue given the proprietary nature of the information, and because Defendant's competitive interests could be harmed by public disclosure. *See e.g., Ruiz v. Sharkninja Operating LLC,* No. 6:21-cv-1628-WWB, LHP, 2023 WL 4201187, at *2 (M.D. Fla. June 27, 2023) (granting motion to seal proprietary business information); *Local Access, LLC v. Peerless Network, Inc.,* No. 6:14-cv-399-Orl-40TBS, 2017 WL 2212786, at * 2 (M.D. Fla. May 17, 2017) (granting motion to seal proprietary business records).

Accordingly, Plaintiff's unopposed motion to seal (Doc. 38) is **granted**. On or before **November 12, 2026,** Plaintiff shall file under seal with the Clerk: an unredacted version of Plaintiff's motion for class certification; Exhibit 1 (Larry Wiite Deposition Transcript); Exhibit 3 (Call Logs, DEF 43-47); and Exhibit 4 (Defendant's written procedures, DEF 42). Absent a court order to the contrary, the seal shall not extend beyond ninety days after the case is closed and all appeals exhausted. See Local Rule 1.11(e).

DONE and ORDERED in Ocala, Florida on November 5, 2026.



PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party